**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re:<br><br>A&C AUTOWORKS INC.,<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-14422-MER<br>Chapter 11, Subchapter V |

**ORDER GRANTING MOTION TO ESTABLISH INTERIM COMPENSATION PROCEDURES PURSUANT TO L.B.R. 2016-2**

THIS MATTER having come before the Court on the Motion to Establish Interim Compensation Procedures Pursuant to L.B.R. 2016-2 (the "Motion") A&C Autoworks Inc. ("Debtor"), and the Court, having reviewed the Motion and being otherwise advised in the premises, hereby:

FINDS that cause exists for granting the Motion, and upon a representation from Debtor its cash flow will allow it to pay professional persons employed under 11 U.S.C. §§ 327 or 1103 (individually, a "Professional" and collectively "Professionals"), Kevin Neiman, in his capacity as subchapter V trustee in this case (the "Trustee") and other potential administrative priority claimants on a monthly basis.

THEREFORE, THE COURT ORDERS that the Motion is GRANTED. The interim advance payment procedures established in L.B.R. 2016-2 shall apply to Professionals and the Trustee.

THE COURT FURTHER ORDERS that the following procedure is approved by the Court in connection with the payment by Debtor of any and all Professionals and the Trustee:

a. Once a month, and within fourteen (14) days from the end of the month for which compensation is sought, Trustee and Professionals shall submit a detailed monthly statement (the "Monthly Statement"), including a billing statement, to Debtor, Debtor's counsel, the Trustee, the United States Trustee, and any other party in interest that requests in writing such Monthly Statements (the "Noticed Parties"). The Monthly Statements must be in a form generally acceptable for fee applications under L.B.R. 2016-1(a)(2)(B).

b. Any objections to Monthly Statements (referred to as "Informal Objections") must be submitted no later than 14 days after receiving notice of the Monthly Statement. Informal Objections must be submitted to the Professional and the Noticed Parties and should not be filed with the Court. Informal Objections must specify the nature of the objection and the associated specific amount(s) within the Monthly Statement considered objectionable.

c. If the Trustee or a Professional receives an Informal Objection, then the Trustee or Professional may not seek or accept from any Debtor an interim payment of any amount to which an Informal Objection has been made (and remains unresolved between the Professional and objecting party). Instead, the Trustee or Professional must wait to obtain payment through the formal interim or final fee application process or seek further order of the Court. Failure to lodge an Informal Objection shall not, by itself, constitute waiver of the right to object to a formal interim or final fee application.

d. On a monthly basis, Debtor may pay the Trustee and Professionals and/or the Trustee and Professionals may draw on any retainer approved by the Court, up to 80% of the fee portion of the Monthly Statement, and 100% of the expense portion of the Monthly Statement as allowable under the guidelines established by the United States Trustee's Office, and not subject to any unresolved Informal Objection, without further order of the Court if and only to the extent that Debtor has sufficient cash reserves to pay all administrative expenses ("Interim Advance Payments"). All monthly fees and expenses paid without a Court order shall be subject to interim and final fee applications filed with the Court and therefore are subject to disgorgement.

e. The authorization of a Professional or Trustee to seek or accept any Interim Advance Payments will be for 120-day intervals only, beginning with the date the Trustee or Professional first began providing services after an order approving this Motion. After each 120-day interval, the Trustee or Professional's authorization to seek or accept Interim Advance Payments will be suspended until the Trustee or Professional has filed a formal application for interim or final compensation for all prior unapproved fees and expenses pursuant to 11 U.S.C. §§ 330 or 331. Upon the filing of a formal interim fee application, the Trustee or Professional may seek and accept Interim Advance Payments, as provided herein, without further order of the Court.

f. To the extent any fees or expenses are not finally approved by the Court, said fees and expenses shall be offset against the 20% hold-back or be disgorged from the Trustee or Professional as appropriate.

Dated: August 7, 2026

BY THE COURT:

Honorable Michael E. Romero
United States Bankruptcy Court